## LEWIS *et al. v.* THE STATE.

Where on a writ of error to this court a conviction for a criminal offense was held to be unsupported by the evidence and a new trial ordered, there was no error, when the case came on for a rehearing in the trial court, and before it was again submitted to a jury, in allowing the solicitor-general, over the objection of the accused, to enter a nolle prosequi.

Submitted April 19, — Decided May 5, 1897.

Accusation of forcible entry and detainer. Before Judge Norwood. City court of Savannah. February term, 1897.

*Gignilliat & Stubbs,* for plaintiffs in error.
*W. W. Osborne, solicitor-general,* and *R. M. Hitch,* contra.

LUMPKIN, P. J. Section 957 of the Penal Code reads as follows: "After an examination of the case in open court, and before it has been submitted to the jury, the solicitor-general may enter a nolle prosequi with the consent of the court. After the case has been submitted to the jury, a nolle prosequi shall not be entered except by the consent of the defendant."

The plaintiffs in error in the present case were tried for and

convicted of the offense of forcible entry and detainer, and, upon a writ of error to this court, were granted a new trial because the evidence was insufficient to show that there had been a forcible entry, it being essential under the indictment to show both a forcible entry and detainer. See 99 *Ga.* 692. The question whether or not a verdict of guilty could have been upheld if the indictment had charged a forcible detainer only was not, however, passed upon.

When the case went back for another trial, the solicitor-general moved to enter a nolle prosequi upon the indictment, and it is plainly inferable, though the record does not distinctly so disclose, that his purpose was to lay before the grand jury a new indictment charging simply a forcible detainer. The motion to enter the nolle prosequi was sustained over objections to the effect, (1) that there had been no "examination of the case in open court," and (2) that the case having been submitted to a jury, a nolle prosequi could not be entered except by consent of the accused. There had been no second submission of the case to a jury before the motion to enter a nolle prosequi was presented; so it is clear that this second ground of objection was intended to relate to the submission of the case to a jury when it was tried in the first instance.

The object of section 957 is to prevent entries of nolle prosequi by the solicitor-general without the sanction and approval of the judge, who presumably will not allow such entries to be made except for good reason; and an examination in open court is required in order that the judge may have proper and lawful information upon which to base his action.

When this case was called the last time in the city court, the judge, by reason of the previous trial, was already fully acquainted with its exact status and prepared to pass upon the propriety of allowing or refusing the solicitor-general's motion. There had certainly been examination enough for this purpose. The provision of the law forbidding the entering of a nolle prosequi without the consent of the accused "after the case has been submitted to the jury" evidently refers to the time when the motion to enter the nolle prosequi is submitted. The submission of the case to a jury on the former trial was a thing

of the past, and had been completely abrogated, at the instance of the accused, by the judgment of this court. The new hearing brought up the whole case for a de novo investigation; and consequently, it was right for the judge to deal with it as if it had never been tried at all, but in so doing he could very properly act upon information judicially acquired during any previous stage of the case, without again formally going over matters with which he was perfectly familiar.

*Judgment affirmed. All the Justices concurring.*