## LEWIS *v.* THE STATE.

1. On the trial of a person who is jointly indicted with another for the offense of forcible detainer, evidence of the acts and conduct of such other in the presence and under the direction of the person on trial, is admissible.
2. In the trial of such a case evidence that the prosecutor had instituted against the accused a civil action of forcible detainer for the same land, and that such proceeding was still pending, is irrelevant.
3. The requests to charge, so far as legal and pertinent, were covered by the general charge, which was free from substantial error. The verdict was sustained by the evidence, and there was no error in refusing a new trial.

Argued October 4, — Decided October 13, 1898.

Indictment for forcible detainer. Before Judge Norwood. City court of Savannah. May 21, 1898.

*Gignilliat & Stubbs,* for plaintiff in error.

*W. W. Osborne, solicitor-general,* and *Alexander & Hitch,* contra.

42

COBB, J.   Sarah Lewis and Henry Hamilton were jointly indicted, charged with the offense of forcible detainer.   Upon the separate trial of Sarah Lewis the evidence was, in substance, as follows:   Waters, the prosecutor, had been in possession of the property in controversy for seventeen years.   On April 19, 1895, he found Sarah Lewis and Henry Hamilton in possession.   She told Hamilton, in the presence of prosecutor, to remain in possession.   She urged him to remain and not let prosecutor enter.   She had put Hamilton in possession. Hamilton was standing with a lock and chain in his hand, and had come in obedience to Sarah's command; said he was obeying Sarah's orders and could not let prosecutor in.   On that day he made no demonstration.   Subsequently prosecutor returned. Sarah was in the door urging Hamilton to keep prosecutor out. Prosecutor could not have gone in without knocking him down. Sarah was talking in a loud manner, using violent and offensive language.   Prosecutor, on another occasion, went to the property when Hamilton was on the outside, when prosecutor said to him:   "You here yet?   I want my property."   Sarah was in the door.   Prosecutor attempted to take the lock out of Hamilton's hand.   Hamilton came down with his fist and told prosecutor to get out of there.   Prosecutor looked at Sarah and asked her if she sent that man to fight.   She said:   "I put him there."   She had a stick in her hand.   Prosecutor turned away and said he would go and see his lawyer.   When prosecutor went the first day he found the gate locked.   Hamilton said he was put there to defend the lot, and he was going to do it.   He did not strike prosecutor.   He made a lick at him; that was when prosecutor had hold of the lock.   Prosecutor tried to take it out of his hands.   The accused introduced Hamilton as a witness, whose testimony was in material conflict with that of Waters.   In her statement she denied that she had a stick or threatened to hit Waters, and claimed to have put Hamilton in possession because she thought it was her property.   She bought it and paid for it.   She did not authorize Hamilton to hit Waters.   She told Waters to let Hamilton alone and talk to her. She put him in.   There was also evidence tending to impeach Waters by proof of contradictory statements made on the former trial of the case.

This is the third time that the controversy involved in the present case has been before this court. In *Lewis* v. *State,* 99 *Ga.* 692, where the accused had been convicted of the offense of forcible entry and detainer, this court held that as there was no evidence of a forcible entry, such a finding was contrary to law, and directed a new trial. In *Lewis* v. *State,* 101 *Ga.* 532, it was held that the solicitor-general had a right, over the objection of the accused, to enter a nolle prosequi on the indictment for forcible entry and detainer, notwithstanding the former trial of the case. After the indictment for forcible entry and detainer was disposed of in the manner referred to, the indictment in the present case against the accused for forcible detainer was preferred by the solicitor-general and returned as true by the grand jury. The accused, upon the trial of this indictment, was convicted, and her motion for a new trial being overruled, the controversy is here again on a writ of error sued out by her.

1. The motion for a new trial complains of "error in admitting the testimony of Waters as to the acts of Hamilton at the time of the alleged detainer, over objection that, as there is no principal and agent in misdemeanors, the defendant on trial could not be held responsible for the acts of another defendant not on trial, and such testimony was prejudicial to defendant." We do not think there was any error in admitting the testimony objected to, either for the reason assigned or for any other reason. Hamilton and the accused were jointly indicted, and the evidence shows that on each occasion when the prosecutor was at the house which he claimed was forcibly detained by them, they were both present, and that Hamilton was actively participating in the acts relied upon to make out the case of forcible detainer, and he was obeying the instructions of the accused given to him in the presence of the prosecutor. The assignment of error does not point out, with that distinctness which is required, the evidence which is objected to; but, treating the assignment as well made, a review of the entire evidence shows the state of facts above referred to. Under such circumstances it needs no argument to demonstrate that where two persons are jointly indicted for an offense, evidence of the acts and conduct of one in the presence of the other, in relation to the matter which is the

subject of the offense, is admissible against the other on a separate trial for the offense.

2. Another ground of the motion for a new trial complains of "error in excluding testimony, sought to be elicited on cross-examination of Waters, that he had brought a civil action of forcible entry and detainer for the same land, which has been pending since 1895; the purpose being to aid the jury to arrive at the truth as to what was the animus of the prosecution." A person who is wronged by the forcible detention of his property is given a civil remedy to assert his right to a restitution of the possession of which he is forcibly deprived. Civil Code, § 4823 et seq. This is a remedy for the civil wrong, and is intended for the assertion of a private right only. As forcible detainer, from its very nature, in addition to being a civil injury, is also a public wrong, the law provides that any person who commits such an act shall be indicted and punished. Penal Code, §340. It is expressly provided in regard to the civil remedy, that such proceedings shall not exempt any person guilty of forcible detainer from indictment and punishment. Civil Code, §4832. The sole object of the civil remedy is the restitution of possession to the person entitled thereto. It is true that one of the results flowing from a conviction under an indictment for the public wrong is a restitution of possession, but this is not the controlling purpose to be accomplished by the indictment. The proceedings by indictment are not for the purpose primarily of determining private rights. They are for the purpose of punishing a disturber of the peace, and the punishment which is placed upon him is one that, on account of the character of the offense, is peculiarly appropriate,—fine or imprisonment, accompanied by restitution of the property which he has acquired by his disregard of the peace and good order of the community. The property is restored to the prosecutor, not for his benefit, but for the purpose of punishing the accused. The civil remedy which is found in our Civil Code, and the procedure by indictment for the public offense, which is found in our Penal Code, are each brought from the common law, without any substantial change in the definition of the wrong or in the manner in which it is to be remedied, whether dealt with as a private or as a public

wrong. 3 Blackst. Comm. 179; 4 Id. 148; Bish. New Crim. Proc. §489 et seq.; 9 Enc. Pl. & Prac. 35. The two remedies, however, are provided for entirely different purposes, and we do not see what relevancy the pendency of a proceeding to enforce one remedy has upon the trial of a proceeding under the other. It is contended that when a person is on trial for the crime of forcible detainer, the fact that the prosecutor had prior thereto instituted proceedings to enforce his civil remedy was admissible to show the animus of the prosecution. The animus of the prosecution in such a case is apparent. The prosecutor desires to punish the offender in the manner prescribed by law, that is, by fine or imprisonment, and an order which would restore to the prosecutor his property. We do not see what light would be thrown upon the animus of the prosecution by showing that the prosecutor, in another forum, was attempting to assert his private right. It will be noted that all that was offered to be proved in the present case was that a civil proceeding of forcible detainer was *pending*. It does not appear that any judgment had been rendered in that proceeding. If it had appeared that the civil proceeding had resulted in a judgment in favor of the accused, an entirely different question would have been presented. It may be that the order of restitution, following the conviction for the crime, must always come as a punishment upon the accused, without regard to the judgment that may have been rendered in the case in which the public were in no way interested; but be this as it may, no such question is made by the present record, and it will not be now decided. Even if the pendency of the civil proceeding could have been proved by evidence of the witness on cross-examination, the court was right in excluding the evidence, as it was irrelevant.

3. The charge of the court fairly submitted every issue in the case to the jury, and was free from substantial error. The requests to charge, so far as legal and pertinent, were embraced, in substance, in the general charge. The evidence authorized the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concurring.*