46013. McGINNIS v. THE STATE.
(372 SE2d 804)

MARSHALL, Chief Justice.

Melanie Ann Finch McGinnis appeals her conviction of the malice murder and armed robbery of her aunt, Margie Finch White, for which she was sentenced to imprisonment for life and 20 years, respectively and concurrently.[1] We affirm.

The appellant and her husband did not get along well with either of their families, there having been little communication or visiting over the years. In the early 1980s, her husband, Ronnie, received a lump-sum settlement of approximately $450,000, which the two of them, by their extravagant lifestyle, had depleted by 1985. He had an expensive drug habit, and she would ask for other people's prescription pain medications. Spoiled by their lavish lifestyle and now forced to borrow money to get by, the appellant began to get friendly with the victim, her elderly aunt, Margie Finch White. She made several phone calls to the victim, and one week before the murder, spent the night in her home. The appellant maintained considerable interest in the affairs of her aunt and her grandmother (the victim's mother). She had contacted her attorney about having her grandmother placed in a nursing home, against the victim's wishes. After the victim's death, the appellant joined in a probate matter, as an heir, to interpret the victim's will in her own favor. Despite the clear intent of the will for the victim's mother to be taken care of out of the victim's estate, the appellant joined with another beneficiary of the will to dispute that purpose's being served. On February 3, 1986, the appellant's husband visited the victim (the McGinnises' second visit in less than two weeks), taking with him the .38 caliber revolver which the appel-

---

[1] The crimes were committed on February 3, 1986. The defendant was convicted and sentenced on March 20, 1987. A motion for new trial was filed on April 15, 1987, heard on March 25, 1988, and denied on May 28, 1988. The transcript of evidence was filed on May 1, 1987. Notice of appeal was filed on June 28, 1988. The case was docketed in this Court on July 18, 1988, and orally argued on September 26, 1988.

lant had bought two days before and with which he shot and killed the victim and committed the robbery. The appellant denied having bought the gun upon questioning, then, realizing that it could be traced, she told the sheriff that she did have one, but that it was "gone."

1. The evidence authorized the finding that the appellant, out of greed and as a party to the crime, had her aunt shot, then attempted to have the aunt's will construed so as to eliminate the victim's mother from inheriting, so that the appellant would be a direct heir. Contrary to her contention that her aunt was dying of cancer anyway, the evidence showed that the cancer was under control at that time. The evidence presented at trial was sufficient to authorize a rational trier of fact to find the defendant guilty of murder and armed robbery beyond a reasonable doubt under the standards set out in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant's character was not improperly placed in issue by the admission of testimony as to her alleged use of drugs, her extravagant lifestyle, and her participation in the probate proceeding. In this crime of greed, this evidence, though it incidentally placed the defendant's character in issue, was relevant, because it logically tended to prove material facts which were in issue in the case, and constituted acts and circumstances serving to elucidate or to throw light upon material issues. *Burney v. State*, 252 Ga. 25 (2) (310 SE2d 899) (1984) and cits.

3. The trial court did not err in sustaining the state's objection to the following voir dire question by defense counsel: "Is there anyone here of the opinion that simply because you own a gun, simply because you bought the gun that you are ultimately responsible for anything that that gun is used for?" Defense counsel previously had thoroughly examined the prospective jurors as to gun ownership. While the state objected to the question as prejudicial, the trial judge ruled that the question was too general. Instead of rephrasing the question, defense counsel abandoned any further pursuit of the gun-ownership issue. The question was not only overbroad, *Jenkins v. State*, 157 Ga. App. 310 (3) (277 SE2d 304) (1981), but it also would have forced the prospective jurors to prejudge the case, and it involved technical or abstract legal matters. *Curry v. State*, 255 Ga. 215 (2) (336 SE2d 762) (1985); *Wilcox v. State*, 250 Ga. 745 (6) (301 SE2d 251) (1983); *Gatlin v. State*, 236 Ga. 707 (2) (225 SE2d 224) (1976); *Bethay v. State*, 235 Ga. 371 (4) (219 SE2d 743) (1975).

4. When a state's witness was asked during her testimony when she last saw the victim alive, she replied, "The day she was murdered." When defense counsel objected that whether the victim was murdered was a matter for the jury to decide, the trial court stated, "I believe there's been a guilty plea, has there not, in the case? I think

that particular matter is not — does not involve your client directly. Has there not been a guilty plea?" Out of the presence of the jury, defense counsel pressed his objection to the witness' response and requested a mistrial based upon the trial court's comment, which objection and motion were overruled. Later in the trial, defense counsel elicited testimony revealing that the appellant's husband admitted killing the victim, and the husband testified that he had had an agreement with the state and had then pled guilty to the murder.

The appellant contends that this was error, as constituting an expression or intimation of the court's opinion as to what had or had not been proved and/or as to the guilt of the accused. OCGA § 17-8-55. However,

[t]he statutory inhibition (OCGA § 17-8-55) against an expression or intimation of opinion by the trial court as to the facts of the case does not generally extend to colloquies between the judge and counsel regarding the admissibility of evidence. See *Pratt v. State*, 167 Ga. App. 819 (2) (307 SE2d 714) (1983); *Bradley v. State*, 137 Ga. App. 670 (8) (224 SE2d 778) (1976). Furthermore, 'remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence.' *Johnson v. State*, 246 Ga. 126, 128 (269 SE2d 18) (1980).

*Mathis v. State*, 171 Ga. App. 620 (1) (320 SE2d 861) (1984).

The present case fits within the above category. Furthermore, the trial court's comment was consistent with the appellant's defense, i.e., that her husband was totally responsible for the murder. Also, at the close of the evidence, the trial court gave the usual charge to the effect of not having intended to express any opinion upon any facet of the case.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 20, 1988 — RECONSIDERATION DENIED NOVEMBER 10, 1988.

*Wright & Wright, G. Russell Wright,* for appellant.
*John C. Pridgen, District Attorney, Denise Fachini, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.