A91A1070. WHITFIELD v. THE STATE.
(406 SE2d 575)

McMURRAY, Presiding Judge.

Via indictment, defendant was accused of armed robbery. Following a jury trial, defendant was convicted of robbery. Defendant's motion for a new trial was denied and he appeals. *Held:*

In his sole enumeration of error, defendant contends the trial court should have granted a motion for mistrial when the prosecution introduced evidence that money taken in the robbery was used to purchase illegal drugs.

One of defendant's accomplices was asked by the prosecution what he did with his share of the robbery proceeds. The accomplice replied that he used his share of the proceeds to purchase alcohol and cocaine. The accomplice was then asked if defendant and another accomplice also used the proceeds to purchase cocaine. He replied affirmatively. Thereupon, defense counsel interposed an objection and asked that the accomplice's testimony be stricken because defendant's character was placed in issue. At that point, the trial court cautioned the jury: "[T]he defendant is on trial in this case only for the charges that are alleged. I am going to allow the testimony . . . be-

cause I think it is part of the entire transaction. It is part of everything that happened; it happened in one continuous incident. And it may go to explain the circumstances surrounding the incident for which we are having the trial today. I will tell you and caution you that you should take that information that this witness has said only as it may tend to provide information about the incident in question, which is the armed robbery charge, and you should not use it for any other reason. He is not on trial for any possession of any kind of illegal drugs or anything like that. So the information is only being used for that purpose, to illustrate and to help explain the testimony in the case. I would ask that you receive the testimony only for that purpose and not for any other purpose. And it is not going into anything like character. It is not putting his character in issue in this case, and you should not accept it as such."

At the conclusion of the trial court's cautionary remarks, defense counsel moved for a mistrial. The motion was overruled.

The accomplice's testimony was relevant to show motive; it was not inadmissible simply because it incidentally placed defendant's character in issue. See *McGinnis v. State*, 258 Ga. 673, 674 (2) (372 SE2d 804). In view of the trial court's cautionary instruction, it cannot be said the trial court abused its discretion in refusing to grant defendant's mistrial motion. See *Stanley v. State*, 250 Ga. 3, 4 (2) (245 SE2d 315).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 19, 1991.

*John H. Tarpley*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Thomas S. Clegg, Assistant District Attorneys*, for appellee.

