A98A2190. GUTIERREZ v. THE STATE.
(510 SE2d 570)

BEASLEY, Judge.

A jury found Jose Gutierrez guilty of the following offenses arising out of his driving a car into a police officer at a roadblock and driving away: aggravated assault on a peace officer (OCGA § 16-5-21 (c)); felony obstruction of an officer (OCGA § 16-10-24 (b)); hit and run with serious injury (OCGA § 40-6-270 (b)); misdemeanor obstruc-

tion of officer (giving false social security number) (OCGA § 16-10-24 (a)); giving false date of birth (OCGA § 16-10-25); fleeing or attempting to elude (OCGA § 40-6-395 (a)); driving without a license (OCGA § 40-5-20 (a)); driving with no seat belt (OCGA § 40-8-76.1 (b)); and driving with improper equipment (OCGA § 40-8-73 (e)). The court merged the felony obstruction with the aggravated assault.

Four errors are enumerated: (i) denying a mistrial when the prosecutor asked a question indicating the court had initially denied Gutierrez bond because he was a risk to flee; (ii) entering judgment on mutually exclusive verdicts; (iii) denying a directed verdict on aggravated assault; and (iv) failing to charge felony obstruction and misdemeanor obstruction as lesser included offenses of aggravated assault.

1. During direct examination Gutierrez admitted fleeing the jurisdiction while on bond to escape prosecution. On cross-examination, the State asked about an earlier attempt to obtain bond and continued: "Q. And your bond was denied at that time, was it not? A. Yes, it was. Q. And the judge, considering that, issued an order finding that you were a risk to flee the —." Defendant interrupted with an objection based on relevancy and a motion for mistrial. The court sustained the objection, denied the motion, and instructed the jury that any testimony suggesting that defendant had no bond was improper to consider and must be disregarded in its entirety. The court assured itself that the jury understood and announced "they could disregard that and would." The court further "strongly emphasize[d]" that anything the attorneys said in questions was not to be considered as evidence and that it came only from witnesses. A renewed motion for mistrial was denied.

Gutierrez insists that a mistrial was required on the ground that the State had intimated the court's opinion that Gutierrez was a risk to flee because he was guilty. He invokes both OCGA §§ 17-8-57 and 17-8-75.

OCGA § 17-8-57 provides: "It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give." No incursion of this strict rule transpired. Not only did the court intimate no opinion whatsoever, it assured an elimination from jury consideration of the whole subject of no bond and not merely what might have prompted a judge to deny it.

Furthermore, "[r]emarks of a judge assigning a reason for his

ruling are neither an expression of opinion nor a comment on the evidence. [Cits.]"[1] Judicial comments regarding what has been proven in the trial,[2] referencing a guilty plea by a co-defendant,[3] referring to defense testimony as hearsay,[4] or stating that the judge did not think an officer was required to break off a chase of the defendant,[5] were all permissible as explanations of the grounds for a ruling.

What is more, the court in its final charge to the jury emphasized that "by no ruling or comment that I have made during the course of the trial have I intended to make any comment whatsoever upon the trial of this case, to express an opinion upon the facts in the case, upon the credibility of the witnesses, upon the evidence or upon the guilt or innocence of Mr. Gutierrez."[6]

OCGA § 17-8-75 provides: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender."

Clearly this statute was obeyed. The irrelevant and prejudicial information inferable from the State's question was jettisoned, and the jury was immediately instructed that a question does not constitute evidence.

To the extent the State's question was improper, the court's instructions sufficed to cure any evil.[7]

2. Mutually exclusive jury verdicts of guilt cannot stand.[8] Mutual exclusion means that a finding of guilt on the essential elements of one count by definition excludes a finding of guilt based on an essential element of another count. For example, a defendant cannot be convicted of robbery of a vehicle and theft by receiving the same vehicle, for an essential element of the crime of theft by receiv-

---

[1] *Johnson v. State*, 246 Ga. 126, 128 (V) (269 SE2d 18) (1980); see *McClain v. State*, 267 Ga. 378, 384 (3) (b) (2) (477 SE2d 814) (1996) ("[a] judge's remarks assigning a reason for a ruling are neither an improper expression of opinion nor a comment on the evidence") (citations omitted); *Crowe v. State*, 265 Ga. 582, 594 (19) (458 SE2d 799) (1995) (same).

[2] Id.

[3] *McGinnis v. State*, 258 Ga. 673, 674 (4) (372 SE2d 804) (1988).

[4] *Crews v. State*, 226 Ga. App. 232, 237 (6) (486 SE2d 61) (1997).

[5] *Mooney v. State*, 221 Ga. App. 420, 424 (2) (471 SE2d 904) (1996) (physical precedent only).

[6] See *McGinnis*, supra, 258 Ga. at 675 ("at the close of the evidence, the trial court gave the usual charge to the effect of not having intended to express any opinion upon any facet of the case"; no mistrial); *Kilgore v. State*, 251 Ga. 291, 303 (305 SE2d 82) (1983) ("[s]uch instructions are sufficient, without any further showing . . ., to cure any possible prejudice from the . . . remarks"); *Crews*, 226 Ga. App. at 237 (6) (same).

[7] See *Hicks v. State*, 196 Ga. 671, 672 (2) (27 SE2d 307) (1943).

[8] *Dumas v. State*, 266 Ga. 797, 800 (2) (471 SE2d 508) (1996).

ing is that the goods were stolen by some person other than the accused.[9]

. Gutierrez claims that the aggravated assault and hit-and-run convictions are mutually exclusive because the aggravated assault conviction had to include a finding that he intentionally struck the officer with his vehicle,[10] whereas the hit-and-run conviction had to include a finding that striking the officer was unintended, an "accident."

Gutierrez misapprehends the elements of the crime of hit-and-run. "The driver of any vehicle involved in an accident resulting in injury to or the death of any person . . . shall immediately stop such vehicle at the scene of the accident" and give certain information and render assistance.[11] "If such accident is the proximate cause of . . . a serious injury, any person knowingly failing to stop . . . shall be guilty of a felony. . . ."[12] The word "accident" as used in this statute does not require that the act causing the injury be mere negligence or mishap. The word is used broadly to include any incident where injury or death follows. The focus is on the person whose well-being is compromised by the action of a vehicle. Stopping is required regardless of the intent of the driver in causing the harm. Otherwise a person could by design maim another person with a car and drive off, without fear of violating this statute.

"The word 'accident,' requiring operator of vehicle to stop immediately in case of accident, contemplates any situation occurring on the highway wherein he so operates his automobile as to cause injury to the property or person of another using the same highway."[13] "Hit and run accident" is defined as a "[c]ollision generally between motor vehicle and pedestrian or with another vehicle in which the operator of vehicle leaves scene without identifying himself."[14] Whether the collision was intended or not is not an element of the crime.

Accordingly, aggravated assault with a motor vehicle and hit-and-run with that same vehicle are not mutually exclusive crimes.[15] Duality is not an impossibility.

3. Gutierrez contends he was entitled to a directed verdict on the aggravated assault count for two reasons: (i) the State did not prove his assault with the vehicle was likely to *and* actually did result in

---

[9] *Camsler v. State*, 211 Ga. App. 826 (440 SE2d 681) (1994).

[10] See OCGA § 16-5-21 (a) (2).

[11] OCGA § 40-6-270 (a).

[12] OCGA § 40-6-270 (b).

[13] Black's Law Dictionary, p. 14 (5th ed. 1979).

[14] Id. at 657.

[15] Cf. *Tubman v. State*, 185 Ga. App. 731 (365 SE2d 879) (1988) (affirming convictions of aggravated assault with a motor vehicle and failure to stop at or return to the scene of the accident).

serious bodily injury, as alleged, and (ii) the State did not prove the officer's torso was injured, again as alleged.

The indictment alleges Gutierrez committed an assault upon the officer "with a 1991 Mercury Cougar, a deadly weapon and an object, device and instrument which when used offensively against a person is likely to and actually did result in serious bodily injury, by hitting and striking the said [officer] on and about the torso and legs with said 1991 Mercury Cougar. . . ." Gutierrez concedes the evidence showed that his striking the officer with the car was likely to cause serious bodily injury; he disputes that the officer's actual injuries rise to that level.

Despite the conjunctive wording of the indictment, the aggravated assault statute requires only that one or the other be shown,[16] so a showing that Gutierrez's assault with the vehicle was likely to cause such injury sufficed. "When a defendant is charged with the violation of a penal statute containing disjunctively several ways or methods a crime may be committed, proof of any one of which is sufficient to constitute the crime, the indictment, in order to be good as against a special demurrer, must charge such ways or methods conjunctively if it charges more than one of them. Accordingly, on the trial of a defendant under an indictment so charging, it is not incumbent upon the State to prove all of such separate ways or methods alleged in the indictment, but the State makes a prima facie case upon its establishment by proof of any one of them."[17]

Gutierrez's second point also fails. The indictment alleged that the vehicle struck the officer "on or about the torso and legs"; it did not allege that his torso and legs were seriously injured. Because the evidence showed the vehicle impacted the officer's torso and legs, there was no variance between the allegations and the proof.[18] Gutierrez's argument that the torso was not injured is beside the point.

4. The final alleged error is the court's failure to give Gutierrez's jury charges of felony obstruction and misdemeanor obstruction as

---

[16] OCGA § 16-5-21 (a) (2).

[17] (Citations omitted.) *Jones v. State*, 75 Ga. App. 610, hn. 4 (44 SE2d 174) (1947); see *Turner v. State*, 231 Ga. App. 747, 748-749 (1) (500 SE2d 628) (1998) (indictment charged conjunctively and court charged jury disjunctively; conviction affirmed) and cits.; *Adams v. State*, 229 Ga. App. 381, 384 (4) (494 SE2d 92) (1997) ("where a person is charged in an indictment with a crime in two ways by using the conjunctive 'and' but where the statute contains 'or' if it is proven that the defendant violated the statute in either way he may be convicted") (citations omitted); *Travitt v. State*, 228 Ga. App. 711, 712 (3) (492 SE2d 574) (1997) (same).

[18] See generally *Jackson v. State*, 267 Ga. 130, 131 (4) (475 SE2d 637) (1996) (key is that indictment inform defendant of the charges so that he can prepare a defense and that there be no danger of a second prosecution for the same offense); *Panek v. State*, 226 Ga. App. 14 (485 SE2d 580) (1997).

lesser included offenses of aggravated assault.[19] "A written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense."[20]

Gutierrez contends that if the jury found (as he testified) that he did not intend to hit the officer, then it could have simply convicted him of obstructing an officer at either the level of misdemeanor (no violence) or felony (offering or doing violence).[21] But Gutierrez expressly waived the giving of the felony obstruction charge as a lesser included charge of aggravated assault when the court stated it would merge the aggravated assault count and separate felony obstruction count if a guilty verdict were returned on both. When such verdict was delivered, the court did exactly what it said it would do.

Further, the court was not required to give the misdemeanor obstruction charge as a lesser included offense of aggravated assault. The charge submitted by Gutierrez was nothing more than OCGA § 16-10-24 (a). It applied to the separate count of misdemeanor obstruction for giving a false social security number and was not tailored to serve as a lesser included charge on the aggravated assault count. Where the submitted request on a lesser included offense may be applicable to facts unrelated to the specific, greater offense for which the charge was submitted, the charge will not be given as a lesser offense lest it confound and mislead. "[T]he lesser included charge must be accurately tailored to the greater offense for which it is submitted in order to avoid confusion and the possibility of an erroneous conviction in an unintended manner."[22]

Moreover, the misdemeanor obstruction charge was given as a lesser included offense under the felony obstruction count, which merged into the aggravated assault count. It was not error to reject the requested charge on misdemeanor obstruction as a separate lesser offense of aggravated assault on a peace officer.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 14, 1998 —
RECONSIDERATION DENIED JANUARY 6, 1999.

*H. Bradford Morris, Jr.,* for appellant.

---

[19] See OCGA § 16-1-6.

[20] (Citation and punctuation omitted.) *Edwards v. State,* 264 Ga. 131, 132 (442 SE2d 444) (1994).

[21] See OCGA § 16-10-24 (a), (b).

[22] (Footnote omitted.) *Brown v. State,* 232 Ga. App. 787, 790 (1) (c) (504 SE2d 452) (1998).

*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.