### A03A0162. MONTGOMERY v. THE STATE.
(575 SE2d 917)

BLACKBURN, Presiding Judge.

In his second appeal before this Court regarding a conviction for cocaine trafficking and possession with intent to distribute,[1] Maurice Montgomery appeals the trial court's denial of his motion to pronounce a valid judgment of acquittal, arguing that (1) because his original indictment was not nolle prossed until after he was convicted under a subsequently filed indictment, the conviction is void due to double jeopardy, and (2) the trial court erred by vacating a nolle prosequi order entered on October 23, 2000, and substituting one entered on June 28, 2002. For the reasons set forth below, we affirm.

On March 4, 2000, Montgomery was indicted for cocaine trafficking and possession with intent to distribute, under Case No. 00-

---

[1] Montgomery was convicted by a jury on May 18, 2000, and sentenced to 15 years in prison. Montgomery's sentence was later reduced to ten years plus five years probation after he testified against his co-defendants at a later trial. On November 3, 2000, Montgomery appealed, claiming insufficiency of the evidence and challenging various evidentiary rulings. On May 16, 2001, the Court of Appeals affirmed in *Montgomery v. State*, 249 Ga. App. 777 (549 SE2d 463) (2001).

CR2352. On April 27, 2000, following the filing of various pre-trial motions, Montgomery was reindicted for the same crimes under Case No. 00-CR2475. While the crimes charged were the same, the wording of the indictment was changed slightly to allege additional material facts. Subsequent pre-trial motions were filed, and a jury was eventually impaneled, all under Case No. 00-CR2475.

Montgomery was convicted on May 18, 2000. On October 23, 2000, the trial judge signed an order stating that Case No. 00-CR2352 "is Nolle Prossed and re-indicted as 00-CR2475." Early in 2002, Montgomery reviewed his file and learned of the nolle prosequi order for the first time. On May 13, 2002, Montgomery filed a motion to pronounce a valid judgment of acquittal, claiming that the failure to nolle prosequi the first indictment until after jeopardy attached barred Montgomery's prosecution and rendered his conviction a nullity. Montgomery also argued that, because the State failed to comply with the procedural requirements of OCGA § 17-8-3, the nolle prosequi order itself was invalid.

On June 28, 2002, the court denied Montgomery's motion and signed an order vacating the original nolle prosequi order and entering a new one in open court. Montgomery then brought this appeal, challenging the trial court's denial of his motion to acquit and also challenging the trial court's authority to vacate its earlier nolle prosequi order and enter a new one. Because this case involves the interpretation and application of law to undisputed facts, we review the lower court's decision de novo. *Barraco v. State.*[2]

1. Montgomery contends his conviction is void because the original nolle prosequi order was entered without his permission after he was tried and convicted, and jeopardy had already attached.

OCGA § 17-8-3 provides:

> After an examination of the case in open court and before it has been submitted to a jury, the prosecuting attorney may enter a nolle prosequi with the consent of the court. After the case has been submitted to a jury, a nolle prosequi shall not be entered except by the consent of the defendant. The prosecuting attorney shall notify the defendant and the defendant's attorney of record within 30 days of the entry of a nolle prosequi.

As Montgomery was never tried and convicted under the first indictment, jeopardy never attached as to *that indictment*. Therefore, any failure to follow the procedures of OCGA § 17-8-3 regarding the first

---

[2] *Barraco v. State*, 252 Ga. App. 25 (555 SE2d 244) (2001).

indictment would not bar his subsequent conviction under the second indictment.

This case is controlled by our Supreme Court's holding in *Casillas v. State*.[3] There, the defendant was reindicted after a mistrial based on an earlier indictment. The State obtained a nolle prosequi order from the court before beginning the second trial, but it was arguably invalid because, as in the present case, it was not obtained in open court. The defendant argued that the conviction was barred because the first indictment was never properly dismissed and therefore jeopardy had attached. Besides pointing out that the mistrial served to bring the prosecution back to its pre-trial procedural posture, the Supreme Court analyzed the nolle prosequi issue under the assumption that the nolle prosequi order was void for failure to follow the proper statutory procedures.

> The State concedes that the nolle prosequi was not entered in open court as required by OCGA § 17-8-3. *However, the pendency of more than one indictment for the same offense is not a ground for a plea in bar.* Accordingly, the failure to enter the nolle prosequi of the original indictment in open court may affect the validity of that attempted nolle prosequi itself, but it does not affect the validity of the new indictment.

(Citation omitted; emphasis supplied.) Id. at 542 (2).

The State's failure to nolle prosequi the first indictment against Montgomery before trying him on the second indictment does not affect the validity of his conviction based on the second indictment. Montgomery was tried only once for his crimes; this case presents no real double jeopardy issue, and no stilted reading of the statute can create an illusion of double jeopardy when none exists.

The State's position is further supported by *Larochelle v. State*.[4] In *Larochelle*, the defendants were indicted, pre-trial motions were filed, and at some point, the State decided to reindict using more favorable language, later moving successfully to nolle prosequi the first indictment. Id. at 792. Apparently, both indictments co-existed for a time. The Court of Appeals noted that

> [a]n indictment obtained without the dismissal of a prior indictment is a superseding indictment. A grand jury is not prevented from returning another indictment against an accused, even though an indictment is pending, where there

---

[3] *Casillas v. State*, 267 Ga. 541 (480 SE2d 571) (1997).
[4] *Larochelle v. State*, 219 Ga. App. 792 (466 SE2d 672) (1996).

has been no jeopardy upon the first indictment, and the existence of a prior indictment generally is not grounds for quashing the second indictment, although the state may be required to elect upon which indictment it will proceed.

(Punctuation omitted.) Id. at 794 (2) (quoting 41 AmJur2d, Indictments and Informations, § 54 (1995)).

In this case, because no jeopardy attached to the first indictment, the State was not required to dismiss it before proceeding to trial on the second indictment, but could nolle prosequi the first indictment at any time, including after the trial on the second indictment. See also *Lascelles v. State*[5] (a defendant cannot attack a subsequent indictment based on an alleged defect in the nolle prosequi of the earlier indictment).

Montgomery cites two nineteenth century cases, *Lewis v. State*[6] and *Doyal v. State of Ga.*,[7] but his reliance on these cases is misplaced. In *Doyal*, the defendant was indicted for murder, but before his trial the indictment was nolle prossed and the defendant was reindicted, tried, and convicted. In affirming the conviction, the court explained that the procedural portions of the statute were *"merely directory, and were intended to prevent an abuse of the power . . . by the solicitor general."* (Emphasis supplied.) Id. at 143 (3). The court further held that

[t]he provisions of the Code respecting the mode and terms of entering a *nolle prosequi* in criminal cases are directory and for the protection of the public; a departure from them furnishes no ground of defence to the defendant when arraigned under a subsequent indictment, except when a *nolle prosequi* has been entered without his consent after the case has been submitted to a jury. In that case, he has been once in jeopardy, and cannot be so placed again.

Id. at 134, hn. 3.

The *Doyal* case is distinguishable because its holding applies where the State attempts to reindict a defendant *after* trial has begun on the first indictment. Here, the first indictment was never prosecuted beyond pre-trial discovery, and, therefore, jeopardy never attached. Montgomery was in fact in jeopardy only once.

In *Lewis*, our Supreme Court addressed a special situation where the defendant was granted a motion for new trial after convic-

[5] *Lascelles v. State*, 90 Ga. 347, 372 (16 SE 945) (1892).
[6] *Lewis v. State*, 101 Ga. 532 (28 SE 970) (1897).
[7] *Doyal v. State of Ga.*, 70 Ga. 134 (1883).

tion, and the State nolle prossed the case and reindicted the defendant with more favorable language. The court held that the statute's double jeopardy provision did not apply because "[t]he submission of the case to a jury on the former trial was a thing of the past, and had been completely abrogated, at the instance of the accused, by the judgment of this court." *Lewis*, supra at 533-534.

Both cases imply that, to the extent the statute was enacted for the protection of the defendant, its purpose was to prevent the prosecutor from halting a trial that was proceeding unfavorably, restarting it, and having another bite at the apple. *Casillas*, supra. That is clearly not the situation Montgomery faced at his trial.

2. Montgomery also argues that the trial court erred by vacating its first nolle prosequi order and substituting one entered in open court almost two years later.

In *Buice v. State*,[8] our Supreme Court noted that a trial court can vacate an order of nolle prosequi at will only during the term of its court, and the trial court here indisputably vacated its order outside the term. However, the issue is now moot; Montgomery cannot be tried on the first indictment, whether or not the nolle prosequi order is valid, because jeopardy has attached following his conviction based on the second indictment.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JANUARY 9, 2003.

*Sexton & Sexton, James D. Sexton, Giles D. Sexton*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Elisabeth G. Macnamara, Assistant District Attorneys*, for appellee.

