A03A1918. THE STATE v. FULLER.

(599 SE2d 3)

PHIPPS, Judge.

The trial court granted Evan Fuller's plea in bar, and the state appeals, arguing that the kidnapping charge against him should not have been dismissed. Fuller contends that a conviction on that charge would be void as mutually exclusive of his prior conviction of theft by receiving stolen property. Because Fuller's contention has no merit, we reverse.

Brian Lovell reported to police that on July 4, 2002, a man followed him to his car, a Honda Accord, which was parked at Lenox Mall in Fulton County. The man claimed to have a gun, forced him into his car, sat in a passenger's seat, and then ordered him to drive to an apartment complex in DeKalb County. There, the man ordered him out of the car and then drove away in the Honda.

On July 25, Lovell's car was spotted in Cobb County. Fuller was driving the car and was arrested. Four days later, Lovell identified Fuller from a photographic lineup as the person who had taken his car.

Fuller was charged in Cobb County with theft by taking Lovell's Honda, theft by receiving the stolen vehicle, and driving without a

---

[20] Id.

license. On October 16, 2002, pursuant to plea negotiations, Fuller pled guilty to and was convicted of the latter two charges. The charge of theft by taking was nolle prossed.

On January 10, 2003, a Fulton County grand jury returned a three-count indictment against Fuller. Count 1 charged him with armed robbery by taking Lovell's Honda by use of a handgun. Count 2 charged him with hijacking by taking a Honda from Lovell by force and intimidation while possessing a handgun. Count 3 charged him with kidnapping Lovell. Fuller filed a plea in bar to the Fulton County indictment, contending that a conviction for any of the three charges would be void as mutually exclusive of his conviction for theft by receiving stolen property. The state contested dismissal of the kidnapping charge only. The court granted Fuller's motion as to all counts.

On appeal, the state challenges the dismissal of the kidnapping count. The facts are undisputed. We review de novo the trial court's application of the law to the undisputed facts.[1]

Fuller maintains that a conviction for kidnapping would be void as mutually exclusive of his conviction for theft by receiving the stolen vehicle. We disagree.

"Mutual exclusion means that a finding of guilt on the essential elements of one count by definition excludes a finding of guilt based on an essential element of another count."[2] Therefore, for example, a defendant cannot be convicted of robbery of a vehicle and theft by receiving the same vehicle, because an essential element of the crime of theft by receiving is that the goods were stolen by some person other than the accused.[3] As another example, a defendant cannot be convicted of malice murder and vehicular homicide where the victim is the same person, because the former requires a showing that the killing was with malice aforethought and the latter requires a showing that the killing was without malice aforethought.[4]

Contrary to Fuller's argument, a conviction for kidnapping would not preclude a conviction for theft by receiving the automobile. Fuller is correct that an essential element of theft by receiving is that someone other than the accused stole the property. However, the crime of kidnapping contains no element that the accused either stole property or received stolen property. "A person commits the offense of kidnapping when he abducts or steals away any person without

---

[1] *Montgomery v. State*, 259 Ga. App. 153, 154 (575 SE2d 917) (2003).
[2] *Gutierrez v. State*, 235 Ga. App. 878, 880 (2) (510 SE2d 570) (1999).
[3] *Thomas v. State*, 261 Ga. 854, 855 (1) (413 SE2d 196) (1992); *Gutierrez*, supra.
[4] *Dumas v. State*, 266 Ga. 797, 799-800 (2) (471 SE2d 508) (1996).

lawful authority or warrant and holds such person against his will."[5] "A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen. . . ."[6] Because the two crimes have completely different elements, convictions based on them would not be mutually exclusive on the ground that a finding of guilt on the essential elements of one crime by definition excludes a finding of guilt based on an essential element of the other.[7]

Fuller also cites *Jackson v. State*,[8] where the Court held that two convictions may be rendered mutually exclusive if they "are predicated upon the commission or omission of another offense or act."[9] There, in connection with a shooting death, a jury found the accused guilty of several offenses, including felony murder (based on aggravated assault) and involuntary manslaughter (based on reckless conduct).[10] Although the guilty verdicts were not mutually exclusive as a matter of law, they represented an illogical finding that in killing the victim, the accused had acted with both criminal intent and criminal negligence — that is, with and without an intention to kill.[11] Under the facts of that case, the verdicts were mutually exclusive.[12] In this case, however, the crimes of theft by receiving stolen property and kidnapping involve no underlying or predicate acts. *Jackson*, therefore, is inapposite.

Accordingly, there is no merit to Fuller's claim that a conviction for kidnapping would be void as mutually exclusive of his prior conviction of theft by receiving stolen property. Furthermore, jurisdiction for the kidnapping charge lies exclusively in Fulton County.[13] Therefore, the Cobb County conviction for theft by receiving stolen property does not preclude a Fulton County prosecution for the kidnapping charge.[14]

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

---

[5] OCGA § 16-5-40 (a).

[6] OCGA § 16-8-7 (a).

[7] See *Dumas*, supra.

[8] 276 Ga. 408 (577 SE2d 570) (2003).

[9] Id. at 410 (2).

[10] Id. at 408-409.

[11] Id. at 410-411.

[12] Id. at 412.

[13] See *Jordan v. State*, 242 Ga. App. 408 (1) (530 SE2d 42) (2000).

[14] See generally *Cade v. State*, 262 Ga. App. 206, 207-208 (1) (a) (585 SE2d 172) (2003).

## ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Fuller argues that the kidnapping charge should have been dismissed based on the doctrine of collateral estoppel. At the hearing on Fuller's plea in bar, the state asserted that the issue was properly analyzed as a double jeopardy issue and argued that it was not collaterally estopped from prosecuting the kidnapping charge. Fuller's attorney stated that the "plea [in] bar is not based on any double jeopardy ground" and proceeded to argue that a conviction on the kidnapping charge would be void as mutually exclusive of Fuller's prior conviction of theft by receiving stolen property. In dismissing the kidnapping charge, the trial court impliedly rejected the state's argument. In his appellate brief, Fuller maintained his previously asserted position. Because Fuller's argument that a conviction on the kidnapping charge would be void as mutually exclusive of his prior conviction of theft by receiving stolen property was without merit, we reversed. Fuller's claim that the state is collaterally estopped from prosecuting the kidnapping charge is also unavailing.

Collateral estoppel, which is embodied in the Fifth Amendment double jeopardy provision and is applicable to the states through the due process clause of the Fourteenth Amendment,[15] "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."[16]

In an attempt to support this argument, Fuller relies on *Clark v. State*.[17] In that case, a lone burglar entered a business in Cobb County and stole, among other items, a check-writing machine. The defendant pled guilty in Gwinnett County to theft by receiving the machine. The conviction on that charge amounted to a binding determination that some other person actually stole the machine. Because the state was collaterally estopped from attempting to relitigate and disprove that determined fact, it was barred from prosecuting the defendant for the burglary in Cobb County. But as demonstrated by *Maxey v. State*,[18] Fuller's reliance on *Clark* is misplaced.

In *Maxey*, an intruder broke into a home in DeKalb County. The homeowner drove home, saw the intruder inside, dropped her car keys, and ran to a neighbor's house, where she watched the intruder drive her car away. Evidence showed that the defendant also had

---

[15] See *Ashe v. Swenson*, 397 U. S. 436 (90 SC 1189, 25 LE2d 469) (1970); *Clark v. State*, 144 Ga. App. 69 (240 SE2d 270) (1977).

[16] *Ashe*, supra at 443.

[17] Supra.

[18] 239 Ga. App. 638 (521 SE2d 673) (1999).

taken a checkbook from the home. The defendant pled guilty in Fulton County to theft by receiving the stolen car and then argued that the state was collaterally estopped from prosecuting him for burglary, citing *Clark*. This court distinguished the case from *Clark* on the ground that in *Maxey*, one crime, the burglary, was completed prior to the other, the theft of the vehicle. As the state was not attempting to relitigate and disprove facts determined in Fulton County, it was not collaterally estopped from prosecuting the defendant for the burglary in DeKalb County.

As with *Maxey*, this case is distinguishable from *Clark* because it concerns the prosecution of one crime that was completed before another crime. Regarding the kidnapping, the Fulton County indictment charged that Fuller "did unlawfully and forcibly abduct and steal away Brian Lovell, without lawful authority and warrant and hold said person against his will." In *Woodson v. State*,[19] the Supreme Court of Georgia found the asportation element satisfied where "[the victim] went from one room to another in response to [the defendant's] threatening command."[20] And, in his statement to police, Lovell stated that he entered his vehicle in response to the perpetrator's threatening command. Under these circumstances, the kidnapping was complete before the car was taken.[21] Thus, no fact determined by Fuller's case in Cobb County need be disproved to establish the kidnapping charge. Because the state is not attempting to relitigate and disprove any fact determined in Cobb County, the doctrine of collateral estoppel does not bar Fulton County from prosecuting the kidnapping charge.[22]

*Motion for reconsideration is denied.*

DECIDED MARCH 9, 2004 —
RECONSIDERATION DENIED APRIL 14, 2004.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellant.
*Michelle L. Gopman, Kenneth D. Kondritzer*, for appellee.

---

[19] 273 Ga. 557 (544 SE2d 431) (2001).

[20] Id. at 558.

[21] See id.; *State v. Watson*, 239 Ga. App. 482, 484 (2) (520 SE2d 911) (1999); *Smith v. State*, 215 Ga. App. 673, 675 (2) (452 SE2d 526) (1994).

[22] See *Phillips v. State*, 272 Ga. 840, 842 (537 SE2d 63) (2000) ("doctrine of collateral estoppel does not bar a prosecution unless the issues of fact central to that prosecution were *necessarily* determined in the former trial") (citation and punctuation omitted; emphasis in original); *Dawson v. State*, 260 Ga. App. 824, 825 (1) (581 SE2d 371) (2003) (where the facts central to proving the charged crime were not determined in the former case, the state was not barred from prosecuting the defendant).