## A93A2333. CAMSLER v. THE STATE.
### (440 SE2d 681)

Andrews, Judge.

Camsler was indicted for the offenses of armed robbery of a car and theft by receiving the same car. A jury found him guilty of both offenses. The trial court merged the theft by receiving conviction into the armed robbery conviction, and sentenced Camsler to a term of ten years. Camsler's sole enumeration of error on appeal is that the trial court erred by denying his motion to set aside the convictions and grant a new trial because the two convictions were mutually exclusive.

The evidence in this case authorized Camsler's conviction on either offense. Nevertheless, a defendant cannot be convicted of robbery of a vehicle and theft by receiving the same vehicle because the convictions are mutually exclusive. *Thomas v. State*, 261 Ga. 854, 855 (413 SE2d 196) (1992). " 'The offense of theft by receiving is intended to catch the person who buys or receives stolen goods, as distinct from the principal thief.' *Sosbee v. State*, 155 Ga. App. 196, 197 (270 SE2d 367) (1980). An essential element of the crime of theft by receiving is, 'that the goods had been stolen by some other person than the accused. . . .' *Austin v. State*, 89 Ga. App. 866, 868 (81 SE2d 508) (1954)." *Thomas v. State*, 199 Ga. App. 586 (405 SE2d 512) (1991), rev'd on other grounds, 261 Ga. 854 (413 SE2d 196) (1992). Moreover, in *Thomas*, supra, our Supreme Court concluded that where mutually exclusive convictions were rendered it was not sufficient to vacate one conviction and allow the other to stand. Rather, the Court ruled that the jury should have been instructed that it could convict of either offense (when the evidence so authorizes) but not both, and since it was impossible to determine which offense a properly instructed jury would have convicted the defendant of, a new trial on both offenses was required. Id. at 855-856.

While agreeing with these general principles, the State argues that the convictions in this case are not mutually exclusive because the indictment on the theft by receiving count against Camsler alleged that he "did unlawfully receive and *retain* . . ." the stolen car. (Emphasis supplied.) In *Thomas*, supra, the Supreme Court questioned but rendered no opinion on "whether armed robbery and theft by receiving, where the indictment alleges retaining stolen property, are mutually exclusive." Id. at 855, n. 1. We need not reach this issue in the present case. Compare *Redding v. State*, 192 Ga. App. 325, 327-328 (384 SE2d 910) (1989) (Beasley, J., dissenting).

Under OCGA § 16-8-7 (a), "[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. 'Receiving' means acquiring possession or con-

trol or lending on the security of the property." Thus, the actus reus element of the offense may be committed by either receiving, disposing of, or retaining stolen property. See Kurtz, Criminal Offenses & Defenses in Georgia (3rd ed. 1991), p. 591. "When a defendant is charged with the violation of a penal statute containing disjunctively several ways or methods a crime may be committed, proof of any one of which is sufficient to constitute the crime, the indictment, in order to be good as against a special demurrer, must charge such ways or methods conjunctively if it charges more than one of them. Accordingly, on the trial of a defendant under an indictment so charging, it is not incumbent upon the state to prove all such separate ways or methods alleged in the indictment, but the state makes a prima facie case upon its establishment by proof of any one of them." (Citations and punctuation omitted.) *Minter v. State*, 170 Ga. App. 801, 802 (318 SE2d 226) (1984). The indictment in this case charged conjunctively that Camsler did "receive and retain" the stolen car, and the proof was sufficient to show commission of the offense by either method. Since the jury may well have convicted Camsler of theft by receiving stolen property on evidence that he received the stolen car, and the convictions for "receiving" the stolen car and armed robbery of the same car would be mutually exclusive, both convictions must be reversed and a new trial granted. *Thomas*, supra at 856.

*Judgment reversed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 21, 1994 —
RECONSIDERATION DENIED FEBRUARY 4, 1994 —

*Shandor S. Badaruddin*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Vivian D. Hoard, Herman L. Sloan, Assistant District Attorneys*, for appellee.