## A97A2261. TRAVITT v. THE STATE.
(492 SE2d 574)

ELDRIDGE, Judge.

A Fulton County jury found appellant Johnny Travitt, Jr. guilty of the armed robbery of Cleveland Dunn. Appellant was acquitted of three additional counts: the burglary of Dunn's home, and the aggravated assault and kidnapping of a second victim, Tiajuana Foot. Travitt appeals his conviction and we affirm.

1. In a light most favorable to the verdict, the record shows that at approximately 12:30 a.m. while Cleveland Dunn was in bed, appellant forced his way into Dunn's home. Appellant entered Dunn's bedroom, pointed a gun at Dunn's head, and ordered him to "give it up." The victim grabbed his pants, removed his money from the pocket, and threw it to the foot of the bed. Appellant took the money and left the house. We find that the evidence was sufficient for a rational trier of fact to find appellant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We have reviewed the record and find that there was no error in the trial court's refusal to dismiss for cause juror number three, Thad Matzke, simply because Matzke was initially confused by the defense voir dire question: "Is there anybody that feels like having heard that indictment and her [prosecutor] telling you the grand jury returned an indictment against him, well, he must have done something to get here?" Clearly from the response to this question as reflected in the record, juror number three was not the only one who was confused. However, further questions clarified the juror's position and satisfied the trial court that Matzke held no opinion "so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. [Cits.]" *Johnson v. State*, 262 Ga. 652, 653 (424 SE2d 271) (1993); *Cohen v. Baxter*, 267 Ga. 422 (479 SE2d 746) (1997); see also OCGA § 15-12-163. Matzke stated that he did not have a fixed opinion as to the guilt or innocence of appellant; that appellant had no burden of proof; and that he would decide the case based upon the evidence presented and the trial court's charge. Appellant has shown no abuse of the trial court's discretion. *Robinson v. State*, 258 Ga. 279, 280 (368 SE2d 513) (1988).

3. Appellant contends that the trial court charged the jury that "[a] person commits [the offense of] armed robbery when, with intent

to commit a theft, he takes property of another, from the person *or* the immediate presence of another," while the indictment alleged that appellant took property "from the person *and* immediate presence of [another]." (Emphasis supplied.) This discrepancy, appellant argues, was error because the trial court charged the jury that the crime of armed robbery may be committed by alternative methods, when the indictment alleged that the offense was committed by one specific method. *Blige v. State*, 208 Ga. App. 851 (2) (432 SE2d 574) (1993). We disagree.

"When a defendant is charged with the violation of a penal statute containing disjunctively ['or'] several ways or methods a crime may be committed, proof of any one of which is sufficient to constitute the crime, the indictment, in order to be good as against a special demurrer, must charge such ways or methods conjunctively ['and'] if it charges more than one of them. Accordingly, on the trial of a defendant under an indictment so charging, it is not incumbent upon the state to prove all such separate ways or methods alleged in the indictment, but the state makes a prima facie case upon its establishment by proof of any one of them." (Citations and punctuation omitted.) *Camsler v. State*, 211 Ga. App. 826, 827 (440 SE2d 681) (1994). Since the indictment in this case properly charged conjunctively that appellant took property "from the person and immediate presence" of the victim and, as appellant concedes, the state offered proof to show commission of the offense by either method, the trial court's charge in the disjunctive pursuant to the language of the statute was not error.

4. We decline appellant's invitation to revisit the "inconsistent verdict rule," since his conviction for armed robbery and his acquittal on the other three counts are not, as a matter of fact or law, mutually exclusive. See *Dumas v. State*, 266 Ga. 797 (471 SE2d 508) (1996); *Thomas v. State*, 199 Ga. App. 586, 587 (405 SE2d 512) (1991), rev'd on other grounds, 261 Ga. 854 (413 SE2d 196) (1992). Appellant's arguments expressing incredulity regarding the jury's "mental and logical gymnastics required to reconcile these verdicts" are precisely why this state has adopted its stance abolishing the inconsistent verdict rule, preferring instead to allow the jury to believe a part of a witness' testimony, disbelieve other parts, and compromise on the verdict if they wish. *Dumas*, supra at 799.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 2, 1997.

*John R. Mayer*, for appellant.

*Paul L. Howard, Jr., District Attorney, Cari K. Johanson, Angela M. Dannelly, Assistant District Attorneys*, for appellee.