## A02A1856. JOINER v. THE STATE.
### (571 SE2d 430)

ELDRIDGE, Judge.

A Fayette County jury convicted Antoine Joiner of aggravated child molestation and statutory rape against a 12-year-old girl. The superior court sentenced him consecutively to 50 years to serve. On appeal, Joiner contends that the evidence was insufficient to authorize his conviction for statutory rape because the State failed to prove that the victim was not his spouse. Joiner further contends that the superior court's child molestation charge was error because it charged the entire Code section defining child molestation, exceeding the scope of the indictment, i.e., although the indictment charged Joiner with aggravated child molestation by an act involving sodomy, the superior court instructed the jury that child molestation could arise out of an act resulting in physical injury to the victim as well. Finding no error, we affirm. *Held*:

1. Joiner challenges the sufficiency of the evidence regarding his statutory rape conviction only with respect to the status of his victim as not his spouse. "A person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse." OCGA § 16-6-3 (a).

While there appears to be no direct evidence in the record showing that Joiner's victim was not his spouse, "[d]irect evidence is not required to support a conviction." *Toney v. State*, 253 Ga. App. 231, 233 (2) (558 SE2d 780) (2002), citing *Hayes v. State*, 249 Ga. App. 857, 860 (1) (549 SE2d 813) (2001). Moreover,

[a] conviction may be based upon circumstantial evidence if the proved facts are not only consistent with the hypothesis of guilt, but exclude every other reasonable hypothesis but the guilt of the accused. When the evidence meets this test, circumstantial evidence is as probative as direct evidence,

and whether this burden has been met is a question for the jury. When the jury is authorized to find that the evidence, though circumstantial, excluded every reasonable hypothesis except the defendant's guilt, the verdict will not be disturbed unless the verdict is insupportable as a matter of law. Further, while circumstantial evidence must exclude every other reasonable hypothesis but the defendant's guilt, the evidence need not exclude every inference or hypothesis.

(Citations, punctuation and emphasis omitted.) Id.

Upon pertinently reviewing the evidence in the light most favorable to the jury's verdict, we conclude that the jury could reasonably have found from circumstantial evidence excluding every reasonable hypothesis save that of Joiner's guilt, that the victim was not Joiner's wife, this upon uncontroverted evidence of record showing that Joiner's relationship to the victim was not more than that of friend and occasional babysitter in that the victim, asked on direct if she knew Joiner, testified that he was her mother's "boyfriend." Given the foregoing, and Joiner otherwise conceding the sufficiency of the State's proof of statutory rape, the evidence was sufficient to authorize a rational trier of fact to find Joiner guilty of statutory rape as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. "A person commits the [offense] of aggravated child molestation when he commits an offense of child molestation which physically injures the child or involves an act of sodomy. OCGA § 16-6-4 (c)." *Ceasar v. State*, 239 Ga. App. 752, 753 (2) (521 SE2d 866) (1999). Joiner was indicted for aggravated child molestation in this case upon having the victim place Joiner's penis in the victim's mouth.

Although the superior court's aggravated child molestation charge was erroneous to the extent that it charged a portion of the child molestation statute which was inapplicable as beyond the indicted offense, that is aggravated child molestation as committed upon physical injury to the victim, such error was harmless. "It is a fundamental rule in Georgia that jury instructions must be read . . . as a whole in determining whether the charge contained error." (Citation and punctuation omitted.) *Roker v. State*, 262 Ga. 220, 222 (4) (416 SE2d 281) (1992); *Ceasar v. State*, supra at 754.

So reading the jury instructions, we find that the superior court instructed the jury to apply its instructions only as applicable to the offenses charged by the indictment; read the aggravated child molestation count of the indictment to the jury; instructed the jury that the State had the burden of proving "every material allegation of the indictment"; and instructed the jury that it could convict Joiner of aggravated child molestation only upon finding beyond a reasonable doubt that he committed such offense as alleged in the indictment.

Under these circumstances, no danger existed that the charge might have misled the jury to believe that it could convict Joiner of aggravated child molestation based on facts not charged in the indictment. See *Hilliard v. State*, 226 Ga. App. 478, 482-483 (2) (487 SE2d 81) (1997); *McClain v. State*, 220 Ga. App. 474, 475 (2) (469 SE2d 756) (1996). Accordingly, this claim of error is likewise without merit.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 13, 2002.

*Patterson & Patterson, Jackie G. Patterson*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.