## A02A1560. KALL v. THE STATE.
(571 SE2d 520)

MILLER, Judge.

The State accused Richard Kall of (1) simple battery by causing physical harm and (2) simple battery by "contact of an insulting and provoking nature." After the close of evidence in the jury trial, the trial court allowed the State to amend the accusation by changing "and" to "or," so that Kall was accused of simple battery by "contact of an insulting or provoking nature." The jury found Kall not guilty of simple battery by causing physical harm, but returned a verdict of guilty on the count of simple battery by contact of an insulting or provoking nature. On appeal, Kall argues that the trial court erred when it allowed the State to change the wording of the accusation after the close of evidence because it reduced the burden of proof. He also argues that the trial court erred when it refused to allow the defense to introduce into evidence a video recording of the inside of the house where the battery occurred. For the reasons set forth below, we disagree with Kall's arguments and affirm.

Viewed favorably to support the verdict, the record shows that an officer went to Kall's residence in response to a report of domestic violence. The officer found Kall's wife to be upset and to have a visible injury to her right thumb. Kall had thrown a carpet sweeper at his wife.

1. Kall claims that although OCGA § 17-7-71 (f) allows a prosecuting attorney of a misdemeanor case to amend an accusation before trial, the statutory opportunity to amend does not extend to the period after the trial has begun. Kall also argues that the Georgia Constitution requires that a defendant be served with a copy of the accusation or indictment, but that he was not served with the amended accusation. See Ga. Const. of 1983, Art. I, Sec. I, Par. XIV. Finally, he contends that amendment of the accusation after trial deprived him of his due process rights under the United States Constitution and the Georgia Constitution because he was not properly informed of the charges against him.

We agree with Kall that an accusation may not be amended after the trial has commenced if the amendment is a matter of substance. See *Sutton v. State*, 54 Ga. App. 349 (188 SE 60) (1936); *Guess v. State*, 155 Ga. App. 14 (270 SE2d 255) (1980). A trial court is not, however, required to grant a mistrial or continuance if the State amends an accusation after the commencement of the trial and the amendment is not material or prejudicial to the defense. *Felchlin v. State*, 159 Ga. App. 120 (1) (282 SE2d 743) (1981); see also *Wilcox v. State*, 229 Ga. App. 227, 232 (2) (493 SE2d 724) (1997). In his argument here, and as reflected by the arguments made by his trial counsel below, Kall contends that the accusation, as originally worded,

would only allow a charge and a conviction based on a showing by the State that his actions were both insulting and provoking, as opposed to either one.

This is incorrect, however:

When a defendant is charged with the violation of a penal statute containing disjunctively ["or"] several ways or methods a crime may be committed, proof of any one of which is sufficient to constitute the crime, the indictment, in order to be good as against a special demurrer, must charge such ways or methods conjunctively ["and"] if it charges more than one of them. Accordingly, on the trial of a defendant under an indictment so charging, it is not incumbent upon the state to prove all such separate ways or methods alleged in the indictment, but the state makes a prima facie case upon its establishment by proof of any one of them.

(Citations and punctuation omitted.) *Travitt v. State*, 228 Ga. App. 711, 712 (3) (492 SE2d 574) (1997); see also *Camsler v. State*, 211 Ga. App. 826, 827 (440 SE2d 681) (1994).

In *Travitt*, the indictment charged that the defendant took property "from the person *and* immediate presence of another," while the jury was charged that the offense of armed robbery consisted of taking property "from the person *or* the immediate presence of another." (Punctuation omitted; emphasis in original.) *Travitt*, supra, 228 Ga. App. at 712 (3). We ruled that the charge as given was not erroneous. It has long been established that a defendant may be accused of methods of committing a crime in the conjunctive, as is originally the case here, but the jury may be properly charged with these methods in the disjunctive, as is also the case here. See *Jones v. State*, 75 Ga. App. 610, 615 (4) (44 SE2d 174) (1947) ("[I]t is proper for the indictment . . . to allege conjunctively, and the State makes a prima facie case upon its establishment by proof of any one or more of the methods of committing the one offense charged.").

As the accusation was originally formed, the State was allowed to show Kall committed the crime of simple battery by proving a touch of either an insulting or provoking nature. The change in accusation did not alter that burden of proof, which is the argument Kall has made here and below. We conclude that when the trial court allowed the accusation to be amended by substituting "or" for "and," there was no prejudice to Kall, and accordingly no reversal is warranted on the grounds that the accusation was amended after the beginning of trial.

With respect to Kall's argument that the State failed to fulfill the requirement that he must be "furnished with a copy of the accusa-

tion," Ga. Const. of 1983, Art. I, Sec. I, Par. XIV, it appears that he was served with a copy of the original accusation and knew of the changes to the accusation because they were made in front of him and his counsel in open court. We see no violation of Kall's constitutional right to a copy of the accusation.

2. Kall also argues that the trial court committed reversible error by denying the admission of a videotape into evidence showing the inside of Kall's house, which he maintains was offered to impeach the testimony of his children that they were able to see the events about which they testified from their location. Decisions concerning the admission of evidence are generally within the sound discretion of the trial court. *Hosp. Corp. of Lanier v. Doster*, 254 Ga. App. 169-170 (561 SE2d 846) (2002). In this case, the trial court viewed the videotape and found it to be irrelevant. We are not in a position to question the ruling, since the tape is not part of the record sent to this Court on appeal. See *Transport Indem. Co. v. Hartford Ins. Co.*, 198 Ga. App. 265 (401 SE2d 294) (1990); see also *Lyon v. State*, 262 Ga. 247, 249 (4) (416 SE2d 523) (1992). Furthermore, it appears from statements of counsel that one of Kall's motives in introducing the tape was a desire to show the unkempt nature of the home (Kall's trial counsel stated, in reference to the tape, that "I think it's fair for the Jury to see what the standard of living in terms of the house was at that time. . . ."), which reinforces the conclusion of the trial court that the tape was inadmissible because it was not relevant. We find no error.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 20, 2002.

*Suellen Fleming*, for appellant.

*Gerald N. Blaney, Jr., Solicitor-General, Gary S. Vey, Assistant Solicitor-General*, for appellee.