## A05A2029. COLLINS v. THE STATE.
### (626 SE2d 513)

BERNES, Judge.

A DeKalb County jury found Lionel Collins guilty of aggravated assault and family violence battery for beating his then live-in girlfriend. The trial court imposed concurrent sentences but noted on the sentencing sheet that the counts merged "for sentencing." The trial court subsequently denied Collins' motion for new trial and granted his motion for sentence clarification, at which time the court explained that it had "merged" the counts for sentencing purposes only, i.e., used its discretion to run the sentences concurrently. Collins appeals, contending that the convictions of aggravated assault and family violence battery merge by operation of law, and thus should have resulted in a vacation of his aggravated assault conviction and sentence. Because we hold that Collins' convictions do not merge, and that the trial court did not intend to merge those counts, we affirm with direction as set forth below.

Viewed in the light most favorable to the verdict, *Williams v. State*, 245 Ga. App. 259, 261 (1) (537 SE2d 125) (2000), the evidence adduced at trial shows that on the morning of April 21, 2005, Collins got angry at his then live-in girlfriend for ironing her shirt on the bed and began hitting her repeatedly on her arms, legs, shoulders, side, and chest, causing visible bruises. When the beating ceased, Collins ordered the victim to go to the convenience store to get him some beer before she went to work. Upon her return from the convenience store, Collins again got angry at the victim and told her to "come here" and "get on [her] knees," which she did. He then struck her in the head, nearly causing her to lose consciousness.[1]

The victim eventually drove herself to the hospital, where it was determined that Collins had fractured her skull. The victim initially claimed to have been injured falling down the stairs; however, the

---

[1] In their briefs and respective merger arguments, the parties focus on whether the evidence and the jury's verdict was sufficient to prove that Collins actually hit the victim with a beer bottle, as opposed to his hands. This distinction is not relevant to our holding.

nurse conducting the victim's physical exam discovered "multiple bruises all over her entire body," whereby the victim admitted to having been beaten by Collins.

Collins was indicted for one count of aggravated assault for striking the victim with a beer bottle (Count 1), one count of aggravated assault for striking the victim with his hands (Count 2), and one count of family violence battery[2] for the bruises and fractured skull caused by "striking [the victim] with his fists and with a bottle"[3] (Count 3). The jury could not reach a verdict on Count 1, but convicted Collins on Counts 2 and 3. The trial judge sentenced Collins to fifteen years, to serve ten years in prison for the aggravated assault, and to twelve months to serve in prison for the family violence battery, and ordered that the sentences run concurrently. She then noted on the sentence sheet that, "Count 3 merges with Count 2 for sentencing." Upon Collins' motion for sentence clarification, the trial court rejected Collins argument that he should not have been convicted of and sentenced for both the aggravated assault charge and the family violence battery charge because those offenses had merged. Instead, the trial court explained that, by using the term "merge," it intended only to exercise its discretion to run the sentences on Counts 2 and 3 concurrently. Collins appeals this ruling.

The doctrine of merger prohibits a defendant from being convicted of multiple crimes arising from *the same conduct* if one crime is included in the other, or if the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct. OCGA § 16-1-7 (a). The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts. *Kellibrew v. State*, 239 Ga. App. 783, 786 (4) (521 SE2d 921) (1999). "If one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge." (Citation and punctuation omitted.) Id.

The convictions in this case do not merge because they do not arise from the same conduct. Count 2 of the indictment alleged that Collins had committed an aggravated assault upon the victim with his hands, and Count 3 charged Collins with family violence battery by causing her bruises and a fractured skull by striking her with his

---

[2] The crime of family violence battery is the offense of battery committed against "persons living or formerly living in the same household." OCGA § 16-5-23.1 (f).

[3] While the indictment charged Collins with striking the victim "with his fists *and* with a bottle," the State needed only to prove that Collins struck the victim with his fists *or* with a bottle in order to establish a prima facie case of family violence battery. *Kall v. State*, 257 Ga. App. 527, 528 (1) (571 SE2d 520) (2002).

fists and with a bottle. The victim testified that Collins got angry with her for ironing on the bed and began striking her, causing bruises on her body and causing her to be in reasonable fear of harm. This evidence supports Collins' conviction of aggravated assault. See *Kellibrew*, 239 Ga. App. at 786 (4).

After this initial beating, Collins demanded that the victim go to the convenience store and, upon her return, demanded that she "get on [her] knees," whereby he delivered a strike that fractured her skull. This evidence supports Collins' conviction of family violence battery. See *Kellibrew*, 239 Ga. App. at 786 (4). Collins' crime of aggravated assault was complete before he committed the crime of family violence battery.[4] Accordingly, "the evidence in this case does not demonstrate that the aggravated assault and the . . . battery were based on the same conduct within the contemplation of OCGA § 16-1-7, with the result that the separate convictions for these offenses may stand." (Citation and punctuation omitted.) Id.

Thus, we affirm Collins' convictions for aggravated assault and family violence battery, but direct the trial court to amend the sentence by deleting the language "Count 3 merges with Count 2 for sentencing." OCGA § 5-6-8; *Dept. of Transp. v. Davison Investment Co.*, 267 Ga. 568 (1) (481 SE2d 522) (1997).

*Judgment affirmed with direction. Blackburn, P. J., and Miller, J., concur.*

DECIDED JANUARY 5, 2006 —
RECONSIDERATION DENIED JANUARY 26, 2006 — ▮▮▮▮▮

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

---

[4] Contrary to Collins' assertion, the jury's verdict is not made ambiguous by the fact that it is not possible to determine from the verdict which specific facts the jury relied upon to find Collins guilty of each respective count. Viewed in light of the facts actually presented to the jury, the jury expressed with reasonable certainty a finding of guilt on Counts 2 and 3 that is supported by the evidence. *Saxon v. State*, 266 Ga. App. 547, 552 (1) (597 SE2d 608) (2004).