### A09A0824. MARTIN v. THE STATE.
(683 SE2d 896)

PHIPPS, Judge.
John Raven Martin appeals his child molestation conviction, claiming that the trial court erred by denying his motion for directed

---

verdict of acquittal and by charging the jury improperly. Finding no merit in either claim, we affirm.

The evidence showed that on June 28, 2006, 15-year-old S. M. went with her mother and sister to visit her grandmother's home in Forsyth County. S. M.'s uncle, John Martin, also lived there. That night, while S. M.'s mother was visiting a friend who lived across the street, and S. M. and her sister were sleeping on a foldout couch in the living room, S. M. woke to feel her pants being unzipped. She then felt a hand going into her pants. She testified that she saw Martin crouching down beside the couch and that he put his hand down the front of her pants and under her underwear, touching her vagina. She jerked away, and then she felt him do it again. After the second time, she moved closer to her sister and sat up. Her sister testified that she woke up when S. M. moved closer to her and that she saw Martin crouched down on the floor. Both girls looked at Martin and, without anyone speaking, he returned to his room.

The next morning, S. M. woke her mother and told her what had happened. Later that day, they went to a neighbor's house and called the police. S. M. gave a written statement to an officer with the Forsyth County Sheriff's Department, who referred her to a special victims investigator for a follow-up interview. On June 30, the clinical director of the Forsyth County Child Advocacy Center interviewed S. M. During the videotaped interview, which was played for the jury, S. M. stated that Martin had put his hand under her jeans and underwear and touched her vagina while she was sleeping on the foldout couch with her sister at their grandmother's house.

The state presented similar transaction evidence from S. G. She testified that in August 2005, when she was nine years old, Martin put his hand inside the back of her pants.

At the close of the state's case, Martin moved for a directed verdict of acquittal, claiming that the state had failed to prove beyond a reasonable doubt every element of the offense charged. The court denied the request, concluding that evidence had been presented to prove the allegations in the indictment.

1. "We review the denial of a motion for directed verdict of acquittal under the same standard we apply to a challenge to the sufficiency of the evidence."[1] Under that standard,

> we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence

---

[1] *Johnson v. State*, 276 Ga. App. 505, 506 (1) (623 SE2d 706) (2005) (citation omitted).

was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

The indictment charged Martin with "placing his hand on and about" S. M.'s vagina "with the intent to arouse and satisfy the sexual desires of the accused and the child." Martin claims that the state failed to prove these allegations, resulting in a fatal variance between the indictment and the evidence at trial.

Martin argues that the state showed only that he put his hand down S. M.'s pants, not that he touched her vagina. In fact, during her trial testimony and her interview with the Child Advocacy Center, S. M. stated that Martin had touched her vagina. Her testimony alone was sufficient to establish that Martin touched her as alleged in the indictment.[3]

Martin argues that no evidence was presented of his intent to satisfy S. M.'s desires, and thus his conviction must be reversed. In *Hostetler v. State*,[4] this court considered and rejected this same argument.

When an indictment charges a crime was committed in more than òne way, proof that it was committed in onę of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. In view of the conjunctive form of the indictment in this case, it was not incumbent upon the [s]tate to prove that [Martin] intended to arouse both his and the child's sexual desires. There was no fatal variance because the evidence was sufficient to show defendant committed child molestation in one of the ways alleged in the indictment.[5]

2. Martin claims that the jury was charged in a misleading manner that conflicted with the indictment. He takes issue with the following instruction: "When an indictment charges the commission of a crime in two ways[,] the accused may be convicted by proof that he committed the crime in either way." Martin argues that this instruction was inappropriate and confusing because the jury also heard the indictment, which charged in the conjunctive, and the

---

[2] *Martinez v. State*, 278 Ga. App. 500 (629 SE2d 485) (2006) (citations omitted).
[3] See *Cantrell v. State*, 231 Ga. App. 629, 630 (500 SE2d 386) (1998) (Georgia does not require corroboration of a child molestation victim's testimony).
[4] 261 Ga. App. 237, 239 (2) (582 SE2d 197) (2003).
[5] Id. at 240 (citation omitted).

child molestation statute, which is couched in the disjunctive because it requires an intent to satisfy the desires of the person or the child, not both.[6]

A similar issue arose in *Travitt v. State*,[7] when the court charged the armed robbery statute, which prohibits taking property "from the person *or* the immediate presence of another,"[8] and the indictment alleged that the accused took property "from the person *and* immediate presence of another."[9] In *Travitt*, this court recognized that

> [w]hen a defendant is charged with the violation of a penal statute containing disjunctively ("or") several ways or methods a crime may be committed, proof of any one of which is sufficient to constitute the crime, the indictment, in order to be good as against a special demurrer, must charge such ways or methods conjunctively ("and") if it charges more than one of them. Accordingly, on the trial of a defendant under an indictment so charging, it is not incumbent upon the state to prove all such separate ways or methods alleged in the indictment, but the state makes a prima facie case upon its establishment by proof of any one of them.[10]

The *Travitt* court concluded that because the indictment properly charged the accused conjunctively and the state had offered proof of the commission of the offense by either method, charging the jury in the statutory language was not error.[11]

Here, because the indictment properly charged conjunctively that Martin's acts were taken "with the intent to arouse and satisfy the sexual desires of the accused and the child" and the state proved one such method, the trial court's charge in the disjunctive pursuant to the statutory language was not error.[12] Nor was it error to instruct the jury that although an indictment may charge the commission of a crime in two ways, the accused may be convicted by proof that he committed the crime in either way. This charge served to explain the discrepancy between the conjunctive language of the indictment and

---

[6] See OCGA § 16-6-4 (a).

[7] 228 Ga. App. 711 (492 SE2d 574) (1997).

[8] OCGA § 16-8-41 (a) (emphasis supplied).

[9] *Travitt*, supra at 712 (3) (punctuation omitted; emphasis in original).

[10] Id.

[11] Id.

[12] See id.; see also *Adams v. State*, 229 Ga. App. 381, 384 (4) (494 SE2d 92) (1997) (no fatal variance between jury charge on trafficking that includes language "knowingly sells or delivers" and indictment language "knowingly sell and deliver").

the disjunctive language of the statute.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED AUGUST 25, 2009.

*Mary Erickson*, for appellant.

*Penny A. Penn, District Attorney, Sandra A. Partridge, Assistant District Attorney*, for appellee.