723 S.E.2d 295 (2012)
313 Ga. App. 852
TABB
v.
The STATE (two cases).
Nos. A11A1841, A11A1962.
Court of Appeals of Georgia.
February 1, 2012.
*296 Frank Tyrone Smith, Lithonia, for appellant (case no. A11A1841).
William C. Mewborn III, for appellant (case no. A11A1962).
Richard Randolph Read, Dist. Atty., Roberta A. Earnhardt, Debra M. Sullivan, Asst. Dist. Attys., for appellee.
MILLER, Judge.
Melvin Charles Tabb, and his wife, Leilani Tabb, were indicted on charges stemming from the abuse of their minor son, D.W. Melvin was charged individually with one count of cruelty to children in the first degree (OCGA § 16-5-70(b)), and jointly with Leilani in a second count of cruelty to children in the first degree. The Tabbs were tried jointly before a jury. At the close of the State's case, Leilani moved for a directed verdict of acquittal on the basis that the State did not introduce any evidence that Leilani aided, abetted, or encouraged Melvin's abuse of D.W. The trial court denied Leilani's motion, and she was convicted as a party to the crime of cruelty to children in the first degree. Melvin was convicted on both charged counts of cruelty to children in the first degree. Melvin and Leilani filed separate motions for new trial, which the trial court denied. In Case No. A11A1841, Leilani argues that the trial court erred by denying her motion for a directed verdict. In Case No. A11A1962, Melvin argues that the trial court erred in finding that he failed to demonstrate ineffective assistance of counsel. Discerning no error, we affirm in both cases.
Viewed in the light most favorable to the jury's verdict, see Jackson v. Virginia, 443 U.S. 307, 319(III)(B), 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the evidence shows that in early November 2008, when D.W. was seven years old, Melvin used an extension cord to repeatedly strike D.W. across his bare buttocks. Melvin ceased striking D.W. only upon noticing that D.W. had begun to bleed. A pediatric physician who later examined D.W. observed "pattern loop marks" on D.W.'s buttocks and legs, which were consistent with previously being struck by an extension cord.
*297 Approximately two weeks later, on the morning of November 13, 2008, D.W. went to his parents' bedroom in order to apply his daily eczema treatment. Melvin and Leilani were lying in their bed talking. Leilani told D.W. to apply his eczema treatment in the bathroom, which was connected to the bedroom. Melvin followed D.W. into the bathroom, closed the door, told D.W. to hold his arms straight out, and used a belt to strike D.W. multiple times across his arms and back. D.W. cried loudly during the beating. D.W. left his parents' bedroom after the incident, at which time Leilani was still lying awake in her bed.
Once D.W. arrived at school, he refused to take off his book bag and coat, and complained to his teacher that his arms hurt. D.W. was sent to the school nurse, who observed bruises and redness on D.W.'s right arm. The nurse notified school officials. Upon further examination, the nurse and the other school officials observed additional bruising on D.W.'s other arm, as well as his abdomen, shoulders, and back. During the examination at his school, D.W. was still experiencing pain in his arms and was having difficulty moving them. Later that same day, D.W. was examined by an emergency room physician, who testified that D.W. was having significant tenderness of his upper right arm, and was uncomfortable when the wounds on his back were palpitated. The pediatric physician who examined D.W. the next day described that D.W.'s bruising was consistent with being repeatedly struck with a belt on November 13, 2008.

Case No. A11A1841
1. Leilani argues on appeal that she was entitled to a directed verdict of acquittal because the evidence presented at trial did not support her conviction for cruelty to children in the first degree. We disagree.
We review the denial of a motion for directed verdict of acquittal under the same standard we apply to a challenge to the sufficiency of the evidence. Under that standard, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.
(Punctuation and footnotes omitted.) Martin v. State, 299 Ga.App. 845, 846-847(1), 683 S.E.2d 896 (2009).
Leilani was charged jointly with her husband on one count of cruelty to children in the first degree by maliciously causing D.W. cruel and excessive physical pain by repeatedly striking D.W. with a belt on November 13, 2008. Under OCGA § 16-5-70(b), "[a]ny person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." To prove the offense of cruelty to children in the first degree, "[t]he State must present evidence establishing the age of the child, that the child suffered physical or mental pain, that the pain was cruel or excessive, that the defendant caused the pain, and that the defendant acted maliciously in so doing." (Citation and punctuation omitted.) Alexander v. State, 274 Ga. 787, 789(1)(b), 561 S.E.2d 64 (2002).
Although Leilani argues that she was not the one who actually struck D.W. on November 13, 2008, Leilani could still be convicted as a party to the child cruelty crime.[1] See OCGA §§ 16-2-20, 16-2-21; Johnson v. State, 269 Ga. 632, 634, 501 S.E.2d 815 (1998) ("A participant to a crime may be convicted for the crime although he or she is not the person who directly commits the crime.") (citations omitted). "Although mere presence at the scene of the crime is insufficient grounds for a conviction, a person can be guilty as a party to the crime if they intentionally aid, abet, encourage, facilitate, assist, or are otherwise concerned in the commission of the acts that constitute the crime." (Footnote omitted.) Glenn v. State, 278 Ga. 291, 294(1)(b), 602 S.E.2d 577 (2004). *298 Leilani nevertheless argues that the State failed to prove beyond a reasonable doubt that she intentionally assisted, aided, abetted, encouraged, or otherwise concerned herself in Melvin's abuse of D.W. Leilani specifically points to the lack of evidence showing that she ever discussed the November 13, 2008, incident with either D.W. or Melvin, that she directly witnessed the abuse or D.W.'s resulting injuries, or that she knew the severity of the abuse inflicted upon D.W. that day.
Notwithstanding Leilani's arguments, "[w]ith regard to the crime of cruelty to children, criminal intent may be inferred from conduct before, during and after the commission of the crime." (Citation and punctuation omitted.) Delacruz v. State, 280 Ga. 392, 396(3), 627 S.E.2d 579 (2006); see, e.g., Porter v. State, 243 Ga.App. 498, 499-500(1)(a), 532 S.E.2d 407 (2000) (concluding that the evidence supported wife's conviction as a party to her husband's offense of cruelty to children in the first degree where evidence showed that (i) husband's abuse continued for several days; (ii) the wife was aware of such abuse; (iii) the wife was in close contact with the child every evening; (iv) the child's suffering would have been obvious due to the nature of his injuries; and (v) even though the wife knew her husband might abuse the child, she did not leave work and go home). Here, D.W.'s testimony shows that Leilani was present during Melvin's November 13, 2008, beating of D.W. with a belt, yet did nothing to stop Melvin or otherwise help D.W. There was also evidence authorizing the jury to find that Leilani knew D.W. sustained injuries as a result of Melvin's November 13, 2008, beating. D.W. testified that his arms and back hurt when he left his parents' bedroom, and that it hurt to put on his book bag that morning. The evidence shows that D.W. saw Leilani before he left for school that morning, and in fact told Leilani that his arm hurt. According to the school officials and physician who examined D.W. later that day, D.W. was experiencing pain in his arms and having difficulty moving them. Yet, the only assistance Leilani ever offered to D.W. was to instruct him not to move his arm a lot.
There was also evidence that Leilani was not only aware of prior abuse that D.W. sustained via a belt, but had also participated in such prior abuse. The examining physicians testified that D.W.'s body was covered with severe bruising that was in various stages of healing and consistent with being repeatedly struck with a belt. According to D.W., Leilani would see him every morning without his clothing on while he applied his daily eczema treatment. Furthermore, D.W. stated in his recorded interview that, on other occasions, Leilani whipped him with a belt, striking him about ten to fifteen times in a row. Leilani admitted in her recorded interview that both she and her husband regularly "whooped" D.W. with a belt across his bare skin.
Based upon the foregoing evidence, the jury was authorized to find that Leilani was a party to her husband's crime of cruelty to children in the first degree. Cf. Smith v. State, 288 Ga. 348, 348, n. 1, 354-355(9), 703 S.E.2d 629 (2010) (concluding evidence was sufficient to enable jury to find husband guilty as a party to the crime of cruelty to children in the first degree where, even if husband was not present when his wife administered the specific abusive conduct charged in the indictment, the evidence showed that such conduct was a routine part of the family's discipline and that the child was already in distress from beatings he had received from the husband earlier that day); Delacruz, supra, 280 Ga. at 396(3), 627 S.E.2d 579 (holding that there was sufficient evidence for the jury to find husband guilty as a party to the crime of cruelty to children in the first degree where the evidence demonstrated that the husband participated in a pattern of child cruelty over the course of several months). Therefore, the trial court did not err by denying Leilani's motion for a directed verdict.

Case No. A11A1962
2. Melvin argues on appeal that his trial counsel provided ineffective assistance by failing to object to the trial court's jury charge on justifiable parental discipline. We disagree.
To prevail on his claim of ineffective assistance of counsel, [Melvin] must show that counsel's performance was deficient and that the deficient performance so prejudiced *299 him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. There is a strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct, and a criminal defendant must overcome this presumption. And unless clearly erroneous, we will uphold a trial court's factual determinations with respect to claims of ineffective assistance of counsel. A trial court's legal conclusions in this regard, however, are reviewed de novo.
(Punctuation and footnotes omitted.) Roberts v. State, 309 Ga.App. 681, 684-685(3), 710 S.E.2d 878 (2011).
Melvin was charged with cruelty to children in the first degree by maliciously causing D.W. cruel and excessive physical pain by repeatedly striking D.W. with an electric extension cord between the dates of November 1, 2008, and November 11, 2008. Melvin was also charged jointly with Leilani on a second count of cruelty to children in the first degree by maliciously causing D.W. cruel and excessive physical pain by repeatedly striking D.W. with a belt on November 13, 2008. At trial, Melvin admitted to the conduct charged in both counts of the indictment, but testified that he intended only to impose disciplinary punishment upon D.W.
Under OCGA § 16-3-20(3), parental discipline of a child is included within the affirmative defense of justification. However, "applied force is legally justified only when a parent's conduct in disciplining a minor is reasonable." (Citation omitted.) LaPann v. State, 191 Ga.App. 499, 500-501, 382 S.E.2d 200 (1989). Here, as requested by both Melvin and Leilani, the trial court issued the jury an instruction on justifiable parental discipline that essentially tracked the pattern jury charge language. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 2.28.24 (4th ed. 2007). Melvin nevertheless argues that his trial counsel was ineffective by failing to object to the following emphasized language of the trial court's jury charge on justifiable parental discipline
If you find from the evidence that the defendant did inflict corporal punishment upon the child in this case, and you further find that it was reasonable and did not cause the child to suffer cruel or excessive physical pain, then the defendant would be justified, and it would be your duty to acquit the defendant.
Melvin asserts that the jury charge was fatally flawed because including such language rendered his affirmative defense of justification "an impermissible impossibility," claiming that he "had already admitted to the doing of the act charged, causing the child cruel or excessive physical pain."
Contrary to Melvin's assertion, however, the defense of justification was not "an impermissible impossibility" in this case, and the trial court was authorized to give a justifiable parental discipline jury charge that was adequately adjusted to the evidence in the case. See Woodson v. State, 242 Ga.App. 67, 69(2), 530 S.E.2d 2 (2000) ("A trial judge does not err in refusing to give a requested charge that, among other things, is not adequately adjusted to the case or authorized by the evidence.") (footnote omitted). Notably, notwithstanding Melvin's characterization of his admissions on appeal, the record evidence shows that the only acts charged to which Melvin admitted were striking D.W. with an extension cord and then later striking D.W. with a belt. Melvin in fact denied that D.W. was in any extreme or excessive pain as a result of either beating. Thus, it was for the jury to decide whether or not Melvin's conduct caused D.W. to suffer cruel or excessive physical pain. See McClellan v. State, 274 Ga. 819, 822(2), 561 S.E.2d 82 (2002) ("What constitutes cruel or excessive physical pain is for the jury to determine.") (citation omitted). Accordingly, any objection to the trial court's jury charge on justifiable parental discipline would have lacked merit. "Failure to make a meritless objection cannot be evidence of ineffective assistance." (Citation and punctuation omitted.) Butler v. State, 277 Ga.App. 57, 61(2), 625 S.E.2d 458 (2005).
Judgments affirmed.
ELLINGTON, C.J., and DOYLE, P.J., concur.
NOTES
[1] "The State is not required to indicate in the indictment that it is charging a person as a party to the crime." (Citation omitted.) Glenn v. State, 278 Ga. 291, 294(1)(b), n. 4, 602 S.E.2d 577 (2004).