**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 20, 2018**

# In the Court of Appeals of Georgia

A17A1952. OUTZ v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Frankie Outz was convicted of family violence aggravated assault (OCGA § 16-5-21 (i)) and family violence aggravated battery (OCGA § 16-5-24 (g)). He appeals the denial of his motion for new trial, arguing that the evidence does not support his convictions because the state failed to prove that the victim was not his sibling, which it was required to do to invoke the family-violence sentence enhancement provisions of the aggravated assault and aggravated battery statutes. But the circumstantial evidence allowed the jury to draw this conclusion. Outz also argues that the convictions merge. We disagree because one crime was completed before the other was committed and different conduct was used to prove each crime. So we affirm.

1. *Sufficiency of the evidence.*

On appeal from a criminal conviction, we construe the evidence in the light most favorable to the jury verdict. *Parker v. State*, 220 Ga. App. 303 (1) (469 SE2d 410) (1996). So viewed, the evidence showed that the 55-year-old victim met Outz through mutual friends about ten years before the time of trial. At the time of the incident, she was in a romantic relationship with him and they lived together.

Early one morning, Outz became angry with the victim and knocked out two of her teeth with his fist. Outz then beat the victim with a wire clothes hanger. He squirted lighter fluid on the victim's head and chest, and used a lighter to set her on fire.

Outz argues that the state failed to prove that he and the victim were not siblings, which it was required to do in order to subject him to an enhanced sentence for committing his crimes in the context of family violence. See OCGA § 16-5-21 (i) ("If the offense of aggravated assault is committed between . . . persons *excluding siblings* living or formerly living in the same household, the defendant shall be punished by imprisonment for not less than three nor more than 20 years.") (emphasis supplied); OCGA § 16-5-24 (g) ("If the offense of aggravated battery is committed between . . . persons *excluding siblings* living or formerly living in the same

2

household, the defendant shall be punished by imprisonment for not less than three nor more than 20 years.") (emphasis supplied). "[A]ny fact that serves to enhance a mandatory minimum sentence is an element of the crime that must be found by a jury beyond a reasonable doubt." *Jeffrey v. State*, 296 Ga. 713, 718 (3) (770 SE2d 585) (2015) (citation omitted).

While neither the victim nor any other witness testified directly that the victim and Outz were not siblings,

> direct evidence is not required to support a conviction. Moreover, a conviction may be based upon circumstantial evidence if the proved facts are not only consistent with the hypothesis of guilt, but exclude every other reasonable hypothesis but the guilt of the accused. When the evidence meets this test, circumstantial evidence is as probative as direct evidence, and whether this burden has been met is a question for the jury. When the jury is authorized to find that the evidence, though circumstantial, excluded every reasonable hypothesis except the defendant's guilt, the verdict will not be disturbed unless the verdict is insupportable as a matter of law. Further, while circumstantial evidence must exclude every other reasonable hypothesis but the defendant's guilt, the evidence need not exclude every inference or hypothesis.

*Joiner v. State*, 257 Ga. App. 375, 375-376 (1) (571 SE2d 430) (2002) (citations and punctuation omitted). The victim's testimony that she and Outz were romantically

3

involved and had met 10 years before through mutual friends allowed the jury to conclude that they were not siblings. See id. at 376 (although there was no direct evidence that statutory-rape victim was not defendant's spouse, the jury could make that conclusion from the evidence that the defendant was the boyfriend of the victim's mother).

2. *Merger*.

Outz argues that the trial court should have merged his convictions because they were based on conduct that occurred too close in time to support separate convictions. We disagree.

"Where facts show one crime was completed before the commission of a subsequent crime, the crimes are separate as a matter of law, and there is no merger." *Womac v. State*, __ Ga. __, __ (3) (__ SE2d __) (Case No. S17A1385, decided Dec. 11, 2017) (citation omitted). Similarly, "[t]he rule prohibiting more than one conviction if one crime is included in the other does not apply unless the same conduct of the accused establishes the commission of multiple crimes." *Waits v. State*, 282 Ga. 1, 4 (2) (644 SE2d 127) (2007) (citations and punctuation omitted).

The indictment charged Outz with aggravated battery by striking the victim with his fist and depriving her of two upper incisors. It charged Outz with aggravated

4

assault by striking the victim with a wire hanger and pouring lighter fluid on her person and setting her on fire. The evidence showed that Outz completed one crime before committing the other and that the crimes were based on different conduct. So the crimes did not merge. See *Jones v. State*, 285 Ga. App. 114, 115-116 (1) (645 SE2d 602) (2007) (aggravated assault with a knife did not merge with aggravated assault with a gun because different conduct established each offense and the evidence showed that one crime was complete before the other was committed). See also *Collins v. State*, 277 Ga. App. 381, 382-383 (626 SE2d 513) (2006) (aggravated assault and family violence battery convictions did not merge because they arose from different conduct when the aggravated assault was complete before the defendant committed the family violence battery).

*Judgment affirmed. Branch and Bethel, JJ., concur*.